**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MEDICASOFT, LLC**<br>100 South Ashley Drive, Suite 1700<br>Tampa, Florida 33602<br><br>      Plaintiff,<br><br>    v.<br><br>**UNITED STATES DEPARTMENT OF VETERANS AFFAIRS**<br>810 Vermont Avenue, NW<br>Washington, D.C. 20420<br><br>      Defendant. | Civil Action No.: _____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff MedicaSoft, LLC ("MedicaSoft") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, for declaratory, injunctive and other appropriate relief seeking the disclosure of agency records requested by MedicaSoft from the United States Department of Veterans Affairs ("the VA").

**THE PARTIES**

1.    MedicaSoft is incorporated in Florida and has its principal place of business in Tampa, Florida.

2.    The VA is an agency of the United States and has its headquarters in Washington, D.C.

**JURISDICTION AND VENUE**

3.    This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(E)(iii). This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

4. Venue lies in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

## FACTUAL BACKGROUND

5. MedicaSoft provides clinical, financial, and decision software support systems for the global healthcare market.

6. In July 2011, a software developer named S.C. Info World S.R.L. ("Info World") entered into a Master Software License Agreement ("License") with the VA, authorizing the VA to use a software support system it developed known as the COTS tool InFlow version/release 1.31. *See* **Exhibit A** attached hereto. The VA is presently using this support system to improve its hospital bed management and operations.

7. Info World assigned its rights under this License to MedicaSoft.

8. To date, the VA has not compensated MedicaSoft for the use of the InFlow software.

9. On May 2, 2013, MedicaSoft submitted four FOIA requests the VA seeking documents and communications regarding the VA's use of the InFlow software and the VA's refusal to compensate MedicaSoft. *See* **Exhibits B-E** attached hereto.

10. FOIA Officer Richard Ha responded on behalf of the VA, producing documents and communications on September 16, 2013. *See* **Exhibit F** attached hereto. Mr. Ha serves in the Office of Procurement Policy Services located at 425 I Street, NW, Washington, DC 20001.

11. On November 13, 2013, MedicaSoft appealed the VA's production on the basis that it was fundamentally unresponsive in light of the VA's extensive and unjustified redactions. *See* **Exhibit G** attached hereto. In particular, the VA inappropriately relied on exemptions in 5 U.S.C. §§ 552(b)(3), 552(b)(4), and 552(b)(6) to redact broad and significant amounts of

-3-

information from documents that are clearly reasonably calculated to lead to discoverable evidence, while leaving unredacted irrelevant documents and information. *See* **Ex. G**.

12. On November 14, 2013, Tracy Knight, a Government Information Specialist and Appellate FOIA Officer in the VA's Office of General Counsel, acknowledged receipt of MedicaSoft's appeal. *See* **Exhibit H** attached hereto.

13. On January 6, 2014, 54 days after transmitting its appeal, MedicaSoft received a letter from the VA, which acknowledged receipt of MedicaSoft's November 13, 2013 FOIA Appeal. *See* **Exhibit I** attached hereto.

14. The VA failed to make a determination on the merits of MedicaSoft's appeal, but rather stated it was "in the process of obtaining relevant records **and/or** information concerning your appeal," and would "notify you in writing once a final determination is made on your appeal." (Emphasis in original.)

15. The VA did not identify any unusual circumstances justifying a delay in this case or specify a date for its determination. Instead, the VA stated only generally that "it is difficult to determine precisely when a decision will be rendered in a particular case" "[g]iven the variant circumstances that affect the length of time required to respond to each appeal . . . ." **Ex. I**.

## APPLICABLE LAW

16. Pursuant to 5 U.S.C. § 552(a)(6)(A)(ii), an agency must make a determination with respect to any FOIA appeal within 20 working days after receiving it.

17. In "unusual circumstances," this 20-day time limit may be extended by written notice "setting forth the unusual circumstances for such extension and date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i). However, "[n]o such notice shall specify a date that would result in an extension for more than ten working days"

-3-

except where the agency provides the requestor with an "opportunity to limit the scope of the request" and the requestor refuses. 5 U.S.C. § 552(a)(6)(B)(i)-(ii).

18. If the agency "fails to comply with the applicable time limit provisions" governing requests *or* appeals, the requestor "shall be deemed to have exhausted his administrative remedies with respect to such request . . . ." 5 U.S.C. § 552(a)(6)(C)(i). As stated by the U.S. Court of Appeals for the District of Columbia Circuit, "[t]o trigger the exhaustion requirement, an agency must make and communicate its 'determination' . . . within 20 working days of receiving the request, or within 30 days in 'unusual circumstances.'" *Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 182 (D.C. Cir. 2013) [hereinafter *CREW*].

19. This Court has jurisdiction "to enjoin the agency from withholding records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

## COUNT ONE
(*Failure to Produce Records Under FOIA*)

20. MedicaSoft realleges and incorporates by reference the foregoing paragraphs.

21. Through its May 2, 2013 FOIA requests, MedicaSoft properly requested records within the VA's control.

22. The VA's production of records was fundamentally unresponsive, in light of the VA's extensive and unjustified redactions.

23. MedicaSoft properly appealed these redactions on November 13, 2013.

24. The VA failed to respond within 20 working days to MedicaSoft's appeal by (1) making a determination on the merits, or (2) extending the time limit for a response by setting forth legitimately "unusual circumstances" and specifying a completion date.

25. Without any particularity, the VA simply stated in its December 30, 2013 letter that it was in the process of responding and that "variant circumstances [can] affect the length of time required to respond to each appeal . . . ."

26. Even had the VA set forth unusual circumstances particular to this case that justified its failure to produce the documents requested, and specified a completion date, it still failed to respond within 20 days. *See CREW*, 711 F.3d at 182.

27. The VA has not yet made any determination as to MedicaSoft's appeal and, upon information and belief, it has no intention of doing so in order to prolong resolution of MedicaSoft's legitimate claim for its licensing and software fees.

28. Accordingly, the VA violated FOIA's mandate to release agency records when met with such a request. 5 U.S.C. §§ 552(a)(3)(A), 552(a)(4)(B).

29. MedicaSoft is, therefore, entitled to declaratory, injunctive and otherwise appropriate relief with respect to the release and disclosure of the records requested in its May 2, 2013 FOIA requests.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff MedicaSoft respectfully requests that this Court:

(1) Declare that the VA violated FOIA by failing to lawfully satisfy MedicaSoft's May 2, 2013 requests;

(2) Order that the VA process and release immediately all records responsive to MedicaSoft's FOIA requests free of redactions and at no cost to MedicaSoft;

(3) Retain jurisdiction of this action to ensure that the VA processes MedicaSoft's FOIA requests and does not wrongfully withhold records;

-6-

(4) Award MedicaSoft its reasonable attorney fees and litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant other such relief as the Court may deem just and proper.

                Respectfully submitted,

                */s/ Robert C. Gill*
                Robert C. Gill (D.C. Bar No. 413163)
                rgill@saul.com
                Saul Ewing LLP
                1919 Pennsylvania Avenue, NW, Suite 550
                Washington, D.C. 20006
                (202) 295-6605 – Telephone
                (202) 295-6705 - Telefax

                *Counsel for Plaintiff MedicaSoft, LLC*

1250772.3 01/14/2014